IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 14-cv-00715-RPM

JULIAN KEITH GARCIA,

    Petitioner,
v.

RANDY LIND, Acting Warden of
Arkansas Valley Correctional Facility,
Colorado Department of Corrections,

    Respondent,

       And

JOHN SUTHERS, The Attorney General
of the State of Colorado,

    Additional Respondent.

_____

ORDER FOR DISMISSAL UNDER 28 U.S.C. § 2244(d)(1)(A)
_____

    In his Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, filed on March 10, 2014, Julian Keith Garcia concedes that the petition is untimely under 28 U.S.C. § 2244(d)(1)(A) but asserts that he should be granted equitable tolling on his claims of ineffective assistance of counsel and actual innocence.

    Respondents were directed to file a limited response directed to equitable tolling. That Response was filed on April 3, 2014 [Doc. 7] and Garcia filed his Reply on April 24, 2014 [Doc. 10].  There is some dispute concerning the calculation of the one-year period.

On **April 1, 2005**, Garcia was sentenced to 36 years to life for sexual assault; a consecutive 72 years for second degree kidnapping; and 18 years for car theft, to run concurrently with the kidnapping sentence.

The Colorado Court of Appeals affirmed Garcia's convictions and sentences on **December 6, 2007**. The Colorado Supreme Court denied Garcia's certiorari petition on **May 12, 2008**. Garcia's conviction became final on Sunday, August 10, 2008, making Monday, August 11, 2008 the last day for seeking certiorari from the U.S. Supreme Court. The AEDPA limitations period therefore began to run on **August 12, 2008**.

On **August 18, 2008**, Garcia's court-appointed attorney filed a post-conviction motion for sentence reconsideration, which tolled the limitations period. The motion was denied on **September 29, 2008**, and his counsel ended his representation. Garcia did not appeal. Accordingly, the limitations period started running again 45 days after September 29, 2008 -- **November 14, 2008** -- with 359 days left on the clock.

Garcia filed a *pro se* Section 2254 habeas application in this court on **May 6, 2009**. That filing did not statutorily toll Section 2244's limitations period because the application was not "for state post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2). Judge Weinshienk dismissed the application without prejudice on **July 15, 2009** for failure to exhaust state remedies. Garcia says that he believed that dismissal "without prejudice" meant that the habeas deadline was stayed so he could file a Rule 35(c) Motion in state court within the 3-year state statute of limitations and then, having exhausted his state remedies, return to federal court if necessary.

On **May 27, 2010**, Garcia filed a *pro se* Colorado Rule 35(c) motion, asserting that he was incompetent to stand trial, the trial court's sentence was excessive, his trial counsel was ineffective, and the imposition of aggravated prison terms violated the Sixth Amendment. He also requested the appointment of post-conviction counsel. The state district court denied Garcia's request in an order dated **July 30, 2010**. Garcia did not appeal.

Because Garcia did not file his post-conviction motion within the 359 days following **November 14, 2008**, the AEDPA limitations period expired on Monday, **November 9, 2009**.

On **February 17, 2011**, Garcia's family retained David Goldberg, his current attorney, to represent Garcia in post-conviction proceedings. Goldberg obtained the record and transcripts in Garcia's case eleven days later by paying $41.25 in processing and copying fees to the El Paso County District Court.

On **May 31, 2011**, Goldberg filed two post-conviction motions on Garcia's behalf. The first motion sought DNA testing of a bandana the victim testified she had been forced to wear as a blindfold. The second raised claims under Colorado Rule of Criminal Procedure 35(c)—that Garcia was incompetent to stand trial, that his sentence was excessive, that his trial counsel was ineffective, and that the imposition of aggravated prison terms violated the Sixth Amendment. Because the AEDPA limitations period had already long expired, these motions have no tolling effect. The district court denied Garcia's motions in separate orders, each dated **June 11, 2011**. The Colorado Court of Appeals affirmed the district court on **December 13,**

**2012**.  The Colorado Supreme Court denied Garcia's certiorari petition on **July 15, 2013**.

Garcia filed this Application on **March 10, 2014**, roughly four-and-a-half years after the AEDPA's one-year limitations period expired on November 9, 2009.  Garcia acknowledges that "he cannot seriously contest" the foregoing facts, precedents and time calculations.  [Doc. 10 at 2.]

Garcia argues he is entitled to equitable tolling because:

1. His lack of post-conviction counsel and his lack of access to the case record (including trial transcripts) constitutes an "extraordinary circumstance" that stood in his way of timely filing his habeas Application;

2. His lack of post-conviction counsel denied him the opportunity to raise his claims of ineffective assistance of trial counsel;

3. When he filed his first, unexhausted habeas application, he did not know that he could have requested that Judge Wienshienk stay his application in lieu of dismissing it without prejudice, Judge Wienshienk did not inform him of that option, and Judge Wienshienk should have entered a stay, but did not;

4. Judge Wienshienk's order dismissing Garcia's first habeas application "without prejudice" caused him to erroneously believe that the matter had been stayed;

5. He filed his first habeas application on time; and

6. The DNA testing that the post-conviction court denied him would support a claim of "actual innocence."

The Tenth Circuit Court of Appeals has recognized that equitable tolling of the AEDPA's one-year statute of limitations is available, "but only in rare and exceptional circumstances."  Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000).  To invoke equitable tolling, a habeas applicant must show that he has been

4

"pursuing his rights diligently" and "that some extraordinary circumstance" prevented him from filing his application on time. Holland v. Florida, 560 U.S. 631, 649 (2010).

    1. Lack of counsel and access to records and transcripts

Garcia first contends that from September 29, 2008, until February 11, 2011, when Goldberg was retained as his lawyer, he was: (a) without counsel and (b) without "*any* access to the record and transcripts in his case though both were requested numerous times from his former lawyer and the court during postconviction proceedings."

A habeas applicant's "*pro se* status does not in itself constitute an extraordinary circumstance meriting tolling." Doe v. Menefee, 391 F.3d 147, 175 (2d Cir. 2004).

Garcia has also failed to demonstrate a causal connection between his lack of counsel and the tardiness of this Application. Garcia timely filed his first habeas application because, in his own words, he "[knew] that the deadline for such a petition was quickly approaching." [Doc. 1, Ex. 1 at 91 (App. J).] Thus, even without counsel, Garcia was aware of the time constraints he was under in advancing post-conviction motions in state and federal court.

Garcia has failed to demonstrate any causal connection between his lack of access to the record and the lateness of his habeas Application. Respondents point out that Garcia knew the basic facts underlying each of the claims he now raises without requiring access to the record—his counsel raised some of the claims on

direct appeal, and Garcia himself attended the trial and witnessed firsthand his counsel's acts or omissions that now form the basis of his ineffective assistance claims. Garcia filed a *pro se* Rule 35(c) motion on May 27, 2010 and his first habeas application without having the record in his possession.

    2. <u>Lack of post-conviction counsel</u>

Relying on <u>Martinez v. Ryan</u>, 132 S. Ct. 1309 (2012), Garcia argues that equitable tolling is warranted because his lack of post-conviction counsel prevented him from raising ineffective assistance claims against his trial lawyer.

Garcia's reliance on <u>Martinez</u> is misplaced. In <u>Martinez</u>, the Supreme Court held that in states where ineffective assistance claims can only be brought in post-conviction proceedings (Colorado is one), the lack of post-conviction counsel, or ineffective assistance of post-conviction counsel, may constitute "cause" for the procedural default of an ineffective assistance claim against trial counsel. Here, the issue is not cause for procedural default, but whether the lack of post-conviction counsel constitutes an "extraordinary circumstance" warranting equitable tolling.

In his *pro se* Rule 35(c) motion on May 27, 2010, Garcia claimed that he was incompetent during the trial, and his trial lawyer's failure to raise that as an issue constituted ineffective assistance. Garcia's lack of post-conviction counsel did not prevent him from raising ineffective assistance claims under Rule 35(c).

Presumably, Garcia is saying his lack of legal experience prevented him from assessing his lawyer's performance. That does not excuse an untimely filing, even

for a *pro se* incarcerated prisoner. See Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000).

    3. Stay-and-abeyance procedure

Garcia argues that equitable tolling should apply because he did not realize he could have sought a stay-and-abeyance order from Judge Wienshienk when he filed his first habeas application, and because Judge Wienshienk should have stayed the application rather than ordering a dismissal without prejudice.

In Rhines v. Weber, 544 U.S. 269, 278 (2005), the Supreme Court held that a "district court should stay, rather than dismiss," a mixed habeas petition containing exhausted and unexhausted claims, "if the petitioner has good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in dilatory tactics."

Garcia faults Judge Wienshienk for failing to exercise the discretion given to district courts by Rhines to enter a stay and abeyance on mixed habeas applications. His application was not a mixture of exhausted and unexhausted claims. Assuming that Rhines applies to totally-unexhausted applications, he has failed to show any effort to seek a stay and abeyance and therefore cannot rely on Turley v. Estep, 148 Fed. Appx. 756, at *1 (10th Cir. 2005).

    4. Misleading statement in order dismissing Garcia's first habeas application

In his Reply, Garcia argues that since he filed his first habeas application in a timely fashion and Judge Wienshienk's order "informed him he could refile it after he

7

went to state court and exhausted his remedies[,]" he presumed "that the petition was in effect stayed until he completed his Rule 35(c) proceedings in state court."

Judge Wienshienk did not, as Garcia contends, inform him that the action was stayed or that Garcia could refile his petition whenever the state court ruled on his Rule 35(c) claims; she said that, "[b]ecause [Garcia] failed to present either of his asserted claims as a federal constitutional claim in the state courts, the application will be denied and the action dismissed without prejudice . . . ."  [Doc. 1, Ex. 1 at 87.]  Thus, his equitable tolling argument must only be based on a mistaken impression he got from Judge Wienshienk's dismissal order.

A court order may form the basis for equitable tolling only when it "affirmatively misleads" the habeas applicant.  See Brambles v. Duncan, 412 F.3d 1066, 1070 (9th Cir. 2005).

To the extent Garcia took "without prejudice" to mean that his habeas action was stayed, he was simply mistaken, and again, lack of legal experience or understanding of the law is not an "extraordinary circumstance" beyond his control that warrants equitable tolling.  Marsh, 223 F.3d at 1220.

    5. <u>Timeliness of Gacia's first habeas application and Stevens' *Duncan concurence*</u>

Justice Stevens' hypothetical scenario in his concurrence in *Duncan v. Walker,* 533 U.S. 167, 182 (2001) does not apply to Garcia's circumstances.  Garcia timely filed his first habeas application on May 2, 2009.  Judge Wienshienk promptly dismissed it for failure to exhaust on July 15, 2009.  At that point, Garcia had approximately four months remaining in the AEDPA limitations period and an explicit instruction from a

federal judge that he needed to present his claims in state court. Instead of filing a Rule 35(c) motion in a timely manner, which would have tolled the AEDPA limitations period, Garcia waited until over ten months later, on May 27, 2010, and by then it was too late. Garcia explains that it took him ten months to file because "he was promised assistance from another inmate in the prison" that was delayed, and because he was waiting for his parents to come up with enough money to retain an attorney. While those circumstances are unfortunate, they do not call Justice Stevens' concurrence to mind, seeing as it was directed at a circumstance involving a dilatory district court that informed a diligent habeas applicant that his petition had an exhaustion problem *after* the AEDPA limitations period expired.

In addition, even if equitable tolling were warranted based on Garcia's first habeas application, such tolling would only apply to the period in which it remained pending before Judge Wienshienk. Garcia's first habeas application was filed on May 6, 2009, and it was denied on July 15, 2009; thus, Garcia would only be entitled to an "equitable-tolling credit" of approximately 71 days. Applying that credit, the AEDPA limitations period would have expired on January 18, 2010 or thereabouts. He filed his *pro se* Rule 35(c) motion over four months after that, on May 27, 2010, and he did not file his post-conviction motions through Goldberg until May 31, 2011. Even granting Garcia's request for equitable relief as it relates to his first habeas application would not cure the glaring untimeliness of his claims.

6. <u>Actual innocence</u>

Finally, Garcia asserts that equitable tolling is warranted because the state

post-conviction court denied him access to DNA testing which would support a claim of actual innocence.

Actual innocence is an equitable exception to the AEDPA's limitations period. McQuiggin v. Perkins, 133 S. Ct. 1924, 1931 (2013). To qualify for the exception, a habeas applicant must produce new evidence so strong that "more likely than not . . . no reasonable juror would have convicted him in the light of the new evidence." Id. at 1935. Garcia alleges that a bandana he allegedly used to blindfold his victim, if tested for DNA, would be shown to contain only his DNA, would undercut the victim's testimony that Garcia blindfolded her twice and that her encounter with Garcia was nonconsensual. As the Colorado Court of Appeals concluded in its post-conviction order of December 13, 2012, "the absence of the victim's DNA on the bandana is little, if any, evidence that [Garcia] did not use it to blindfold her." [Doc. 1, Ex. 1 at 65.] Even if the absence of the victim's DNA on the bandana could create some measure of doubt regarding her version of events, that evidence is insufficient to show that no reasonable juror would have convicted him in light of it. The prosecution offered evidence beyond the victim's testimony tending to prove Garcia's guilt, including: (1) DNA on his penis matching that of the victim; (2) physical evidence that the victim had been in the car Garcia used; (3) testimony from investigating officers that Garcia made numerous inconsistent statements during his interrogation; and (4) testimony from a physician that he determined, upon examining the victim after her abduction, that she had been sexually assaulted. [Doc. 1, Ex. 1 at 6-15.]

Garcia's habeas Application is untimely and equitable tolling is denied. His pre-filing efforts and circumstances involved obstacles faced by many if not most habeas applicants—including a lack of financial resources, lack of legal representation, and a difficulty understanding the complexities of and interplay between federal and state post-conviction procedural requirements.

Garcia has also failed to show that the DNA testing he requests would establish "actual innocence," such that he should be excused from the AEDPA's one-year filing requirement.

Accordingly, it is

ORDERED, that the petition for writ of habeas corpus is denied and this civil action is dismissed.

DATED: June 4th, 2014

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, Senior District Judge